Jujdoe Trimble,
delivered the following opinion of the court: — ‘Kennedy brought an action in the Danville district court, against Terrill and Dooley ; the defen *491 d*nt& craved oyer of the Writ, and plead the variance between that and the declaration ; that the former was ⅛ case, and the latter in trespass vi et armis•
0f the peace,under colour of his of-¡¡¡^a¡ barran" &c. anaflionof will 1⅛
be legal, but if-trorn ma* *¡on’ is the properre-med!'-.
variance tween the writ and declaration cannotbetaken tersan EoificV judgment,
Tbe £**. A. ed jurifdiaion. ,berefor'> ⅛⅞”1 tion it appeared the ,co^c ¡ defefl not cured blla|Pf*“[t'.mij» defendant, ofwhenevmhe cauie is before court'
The plaintiff obtained leave to amend.; and now his declaration charges the defendants to have issued “ an illegal warrant, contrary to law,” which is, set forth at la^ge.
It purports to be a warrant to-seareh Kennedy’s house, and Other Suspected places, for certain slaves, byname; and, if necessary, to break doors, to raise , the posse corn*-* tat us, to deliver oyer the negroes, when, found, to the administratrix of Benjamin Harrison, deceased; who had proven them to be her property, and charged them to be in,the possession of Kennedy, who kept them eon. sealed from the officers of justice ; therefore, requiring the sheriff,, or any constable of the county, to execute the. • , ’ , ■ J ' • ■ " /i ■ . • said warrant.
The declaration further charges, that in consequence ©f the warrant, a deputy sheriff of Madison county, broke Kennedy’s dwelling house, with fprc„e and arms, entered, and forcibly carried away eertain slaves named, the property of Kennedy, and did other wrongs, to his injury 500/. . . ‘ . .
. . . To this, there was an attempt to justify, as justices of the peace ; that the slaves were the property of Mrs. Harrison; that they had been carried off during the American war, hy certain wicked and ill-disposed persons, and by such, to wit, the plaintiff, now detained and concealed ; wherefore, by virtue of an , act of assembly in,such cases made, &£. ■
Before replication to this plea, which had been filed upon setting aside a judgment by nil dieit, (taken with». put disposing of the former plea in abatement) the fendants obtained leave, and withdrew the plea of justification, and demurred — 1st, For variance between the writ and declaration — %dly, That an action of trespass cpuld not be maintained in the district court-; — -3d, the declaration was inconsistent with itself, commencing in case, and ending in trespass vi et armis — 4th, That an action cm the Case would not lie, for the- injury id. the declaration stated.
The plaintiff excepted to the opinion of the court, in . permitting the ptea to be withdrawn, arid a special demurrer filed, and then joined ip demurrer ; whereupon *492 the court gave j udgment for the defendants ; from which Kennedy appealed. .
. It is a correct principle, that a court ought not to permit a pleá to the merits to be withdrawn, for the purpose of receiving formal and technical objections ; and if none else had appeared in the proceedings, this court would not hesitate to reverse the judgment. The plea was bad, and if it had not been withdrawn, the plaintiff himself ought to have demurred. The defendants, however, tendered a demurrer, in which the plaintiff joined issue ; and thus, not only the particular defects assigned, but all others, apparent ánd substantial, were brought before the court, existing in any part of the pleadings. The declaration does not state that the defendants acted-as justices of the peace, nor did they style themselves such in the warrant. The warrant, upon its face, is illegal, and without colour of lawful authority. ;
If we consider them to have been individuals, not clothed with any portion of the judicial authority of the commonwealth ; dr as justices, Usurping and exercising powers by colour only- of their office ; they are to be reached in the same manner, by, action of trespass vi et armis. If the warrant had been legal, but the officers of the law had cloaked' under its broad mantle, their malice, collusion, or unjust oppression ; then a special action on the case would have béen the appropriateréme-dy. When we consider the subject matter of the de-clafatidn, and the truth of the allegation therein, that the warrant was illegal, the charges against the defendants, if sufficient in any respect, amount to an action of trespass quáre' clausum fregit et de bonis asportatis. The first cause assigned for demurrer came too late, being mere abatement of the writ (a) ; but the character of the ac-tihti being determined, the second cause assigned, well applied. - ’’ " ' ' ’ ..
The district courts were of extensive, yet limited jurisdiction ; and actions of trespass were expressly excepted, amongst others — (Vide original act (b), and Brad. 1 Vol. p. 119, § 11). '
A practice had prevailed, of bringing causes into court by certiorari, although not originally cognizable there ; but the legislature' put their express veto upon that unwarrantable practice — See Brad. E. L. K. 1 Vol; 43, § 2 (c). And this cause was comménced in the" said court by original, . P
*493 Whether the expressions, “ actions of trespass,’* arei considered as used in contradistinction to actions on tha case, or as confined to that class of actions of trespass emphatically so called ; the district court had no jurisdiction over the case as declared upon. This being a defect of jurisdiction, apparent on the record, cannot be cured by lapse of time, or default of the party. Where the court has no jurisdiction over the subject matter, consent cannot give jurisdiction ; and such total defect ought to be noticed by the court, ex officio ; or may be taken advantage of, whenever the case shall be brought $ub judice.
As the circuit court, into which the cause was carried upon the abolition of the district system, had cogni-sance of such matters, it might perhaps be said, that this error ought not to be fatal ; but the cause was co-ram non judice, in the district court, and the law gave it no additional claim to audience in the circuit court.
Judgment affirmed.

(a) See Palmer and Cafey vs. M'Ginnis, poft.

(b) Afls of 1795, ch.

(c) M J798) i Ses. of ch. 17.